HOWE MACHINE Co. and others *v.* NATIONAL NEEDLE Co.

SAME *v.* WHITTEN and others.

*(Circuit Court, D. Massachusetts.* September 30, 1884.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—APPLICATION OF OLD MACHINE—SIMILAR SUBJECT.

The application of an old process or machine to a similar or analogous subject, with no change in the manner of application, and no result substantially distinct in nature, will not sustain a patent, even if the new form has not been before contemplated.

2. SAME—PATENT NO. 23,957—SPRING LATHE—MURDOCK LATHE.

Patent No. 23,957, granted to Charles and Andrew Spring, May 10, 1859, for an improvement in lathes for turning irregular forms, *held* anticipated by the Murdock lathe, and invalid.

In Equity.

*Geo. S. Boutwell* and *Geo. F. Betton*, for complainants.

*A. L. Soule* and *J. E. Abbott*, for defendants.

Before GRAY and NELSON, JJ.

NELSON, J. These suits are bills in equity for the infringement of patent No. 23,957, granted to Charles and Andrew Spring, May 10, 1859, for an improvement in lathes for turning irregular forms. The invention, as described in the specification, is a new combination designed for turning such articles as are to be brought to a point, or are to be finished or turned at one end, and therefore cannot conveniently be held to be operated upon otherwise than by the opposite end. It consists (1) of a griping-chuck, by which the article is held by one end so as to present the other end free to be operated upon; (2) a rest preceding the cutting tool, to afford support to the article in the operation of turning; (3) a cutting tool; and (4) a guide-cam, or its equivalent, which modifies the movement of the cutting tool. The chuck may be of any of the well-known forms of griping or holding chucks, which hold the article to be turned fast by one end. The material to be turned must be cylindrical and straight. In the drawings annexed, the guide-cam is of a form suitable for turning awls or machine needles, and the plaintiffs contend that their machine, as patented, was intended to be and is a lathe for turning sewing-machine needles or awls. The claim is for "the combination of a griping-chuck, by which an article can be so held by one end as to present the other free to be operated upon, with a rest preceding the cutting tool, when it is combined with a guide-cam or its equivalent, which modifies the movement of the cutting tool, all operating together for the purpose set forth."

The defendants have proved, by testimony which we cannot doubt, that as long ago as the year 1845, and perhaps still earlier, a machine was in use in the shop of William Murdock, in Winchendon, Massachusetts, which contained all the elements and the precise

combination of the Spring patent. It had the griping-chuck, the rest preceding the cutting tool, the cutting tool, and, instead of the guide-cam, its equivalent, a pattern,—all the parts arranged, combined, and operating in the same manner as in the Spring machine. It had, in addition, a fixed cutting tool preceding the rest, which served to reduce the material to the cylindrical form in which it is first received in the Spring lathe. But this extra tool formed no part and was wholly independent of the other combination. The machine still had all the elements of the Spring lathe in the same combination. The Murdock lathe was used for turning tapering wooden skewers or spindles for use in spinning yarn. It was not constructed so as to be capable of turning awls or machine needles from metal.

It has been decided by the supreme court that "the application of an old process or machine to a similar or analogous subject, with no change in the manner of application, and no result substantially distinct in its nature, will not sustain a patent, even if the new form of result has not before been contemplated." *Pennsylvania R. Co.* v. *Locomotive Engine S. T. Co.* 110 U. S. 490; S. C. 4 Sup Ct. Rep. 220. Applying this rule to the present case, we are of opinion that the application, to the turning of machine awls and needles from metal, of mechanism old and familiar in the art of wood-turning, is not invention, and is not patentable. We therefore decide that the Murdock lathe was an anticipation of the Spring invention, and that the complainants' patent is void for want of novelty. This view of the case renders it unnecessary for us to consider the other matters urged in defense of the complainants' suit at the argument.

The entry in each case will be: bill dismissed, with costs.